PAUL BILA, as Administrator, etc., of RICHARD BILA, Deceased, Appellant, *v.* SAMUEL J. BLOOMINGDALE and Others, Respondents.

First Department, July 11, 1918.

**Negligence — death of boy struck by motor truck — when chauffeur engaged in employer's business.**

In a statutory action for negligence, it appeared that the defendants maintained a store in the city of New York on Third avenue between Fifty-ninth and Sixtieth streets; that the most direct route to a point where they were to deliver furniture was from Third avenue along Fifty-ninth street, then across the Queensborough bridge; that their chauffeur had been given permission to go home for his dinner, and with his helpers proceeded with the truck to his residence at Seventy-ninth street and Avenue A; that about an hour afterward, the helpers having returned, they proceeded westward on Seventy-ninth street to Second avenue and south thereon for the purpose of going to the Queensborough bridge, and at about the corner of Seventy-seventh street killed the boy for which this action is brought.

*Held,* that when the helpers returned and the truck was started on its journey for the purpose of making the delivery, the chauffeur resumed his master's business and the defendants were from that time responsible for his acts, and hence it was error to dismiss the complaint.

There is no zone law which applies to cases of this kind.

APPEAL by the plaintiff, Paul Bila, as administrator, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 11th day of December, 1917, upon a dismissal of the complaint by direction of the court at the close of plantiff's case, and also from an order entered in said clerk's office on the 18th day of December, 1917, granting the motion to dismiss the complaint.

*Don R. Almy* of counsel [*William S. Evans* with him on the brief; *Almy, Van Gordon, Evans & Kelly,* attorneys], for the appellant.

*William Dike Reed* of counsel [*William B. Shelton* with him on the brief], for the respondents.

PAGE, J.:

This is a statutory action for negligently causing the death of a boy seven years of age.

The evidence as to the negligence of the defendants' chauffeur, and the contributory negligence of the plaintiff's intestate, as given by the witnesses on behalf of the plaintiff and defendants, was sharply conflicting and presented issues of fact for the determination of the jury.

The defendants further moved for the dismissal of the complaint, for the reason, as was claimed by the counsel, that at the time of the injury the chauffeur was not engaged in their business. It would appear that it was for this reason that the court dismissed the complaint. The defendants' evidence in this particular was as follows: The store of the defendants is situated on Third avenue between Fifty-ninth and Sixtieth streets. The automobile truck of the defendants had been loaded with furniture for delivery in East New York, a portion of the borough of Brooklyn. The most direct route from defendants' store to the destination was from Third avenue, along Fifty-ninth street, thence across the Queensborough bridge. The chauffeur's wife had been brought home from a hospital the day before, and he asked permission of the shipping clerk, from whom he received orders, to go home for his dinner. Permission being given, the chauffeur with his helpers proceeded with the truck to his residence at Seventy-ninth street and Avenue A. About an hour afterward, the helpers having returned, they proceeded westward on Seventy-ninth street to Second avenue and south on Second avenue for the purpose of going to the Queensborough bridge, and at or about the corner of Seventy-seventh street the boy was killed.

When the helpers returned and the truck was started on its journey for East New York for the purpose of making the delivery the chauffeur resumed his master's business, and the defendants were from that time responsible for his acts. The defendants' attorney argues that he did not resume his master's business until he reached Fifty-ninth street and Second avenue, claiming that then he came within the zone of his employment. There is, however, no zone law which applies to cases of this sort. It might be that when he was

going from the store to his home he was pursuing his own ends, but when he started for East New York he was clearly engaged solely in the master's business. The case should have been submitted to the jury.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, SMITH, SHEARN and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.